Argued and submitted February 8, affirmed May 1, 1985

GONZALEZ,
*Appellant,*

*v.*

MARION COUNTY EDUCATION
SERVICE DISTRICT,
*Respondent.*

(138,567; CA A30308)

698 P2d 1042

466

Don S. Willner, Portland, argued the cause for appellant. With him on the briefs was Willner, Bennett, Hartman & Tauman, P.C., Portland.

William G. Paulus, Salem, argued the cause for respondent. With him on the brief was Paulus & Callaghan, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff was employed by defendant as a community relations specialist in defendant's Migrant Education Service Center (MESC). Plaintiff's supervisor decided to terminate plaintiff's position in 1982, when MESC's budget was reduced. Plaintiff appealed that decision, which was affirmed by the district's superintendent and the school board. Plaintiff sought a writ of review in the circuit court, asserting that defendant had failed to comply with ORS 342.934.[1] The court affirmed the district's decision to terminate plaintiff's position. Plaintiff appeals.

ORS 342.934 sets forth the procedure for reduction of teacher staff due to lack of sufficient funds. ORS 342.934(4) provides, in pertinent part:

> "If a school district desires to retain a teacher with less seniority than a teacher being released under this section, the district shall determine that the teacher being retained has more competence or merit than the teacher with more seniority who is being released. * * *"

Plaintiff had more seniority than three of the four other teachers employed by MESC, and he claims that the district did not properly compare his competence and merit to that of the retained teachers.[2]

■    Defendant incorporated in the return of the writ of review a memorandum from plaintiff's supervisor to the

---

[1] Circuit court review was properly available under the version of ORS 342.934(7) in effect when the petition for the writ of review was filed:

> "An appeal from a decision on reduction in staff or recall under this section shall be by writ of review to the circuit court for the county in which the headquarters of the school district is located or by a procedure mutually agreed upon by the employe representatives and the employer. If a procedure by mutual agreement is chosen, the results shall be final."

Under ORS 34.040(2), the court shall allow a writ of review when it appears that an inferior tribunal failed to follow the procedure applicable to the matter before it.

[2] ORS 342.934(8) defines "competence" and "merit."

> "As used in this section:

> "(a) 'Competence' means the ability to teach a subject or grade level based on recent teaching experience or educational attainments, or both, but not based solely on being certificated to teach a subject or grade level.

> "(b) 'Merit' means the measurement of one teacher's ability and effectiveness against the ability and effectiveness of another teacher."

district's superintendent, which responded to plaintiff's claim that he had not been compared as to competence and merit with the teachers having less seniority. In the memo, the supervisor explicitly compared plaintiff's merit and competence for each of the retained positions, including the supervisor's, with that of the retained teachers. That analysis appears to be a careful objective evaluation and comparison and provides a substantial basis for the circuit court's denial of plaintiff's requested relief.

■■    Plaintiff argues that, because the memo was written after the supervisor had decided to terminate plaintiff's employment, the district made its decision without a written determination of the teachers' relative competence and merit. The memo was before the superintendent and the board when they made their decisions on plaintiff's appeal. ORS 342.934(4) requires that the *district* make a determination of relative competence. Because the written determination which complies with the statute was before the superintendent and the board, the court did not err in its conclusion that the district complied with the procedure specified by ORS 342.934.[3]

■    In his appeal to this court, plaintiff contends also that the circuit court erred in not finding that the district's decision violated plaintiff's right to procedural due process. He further claims that it erred in finding that the district's decision was supported by substantial evidence. Neither of those points was raised in the petition for writ of review, and the circuit court's opinion did not address them. Because we review the circuit court's decision and not the district's decision, ORS 34.100, we cannot consider the alleged errors in the district's decision that were not raised and preserved in

---

[3] Plaintiff also argues that the district did not comply with its statutory duty to evaluate the teachers' performance biennially, ORS 342.850(1), in that the most recent evaluations were made in 1980 and none were made immediately before the 1982 termination decision. Plaintiff claims that that omission by the district is equivalent to a failure to evaluate the teachers' competence and merit as required by ORS 342.934(4). That is not the case, because the purpose of the teacher evaluations is "to determine the teacher's development and growth in the teaching profession and to evaluate the performance of the teaching responsibilities." ORS 342.850(1). That determination is manifestly different from that required by ORS 342.934(4), *see* n 2, *supra,* and the alleged failure to complete recent teacher evaluations under ORS 342.850 does not detract from the adequacy of the district's determination under ORS 342.934(4).

the circuit court. *See* ORAP 7.19(5). On the issue presented to the circuit court, there was no error.

Affirmed.